# EXHIBIT D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| Arick Whitson et. al | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17-cv-01985-JPB |
| Elton Alexander et. al | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Clover Network, Inc. a subsidiary of First Data c/o Corporation Service Company
40 Technology Parkway South, Suite 300, Norcross, GA 30092

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP<br>275 Scientific Drive, Suite 2000<br>Peachtree Corners, GA 30092 | Date and Time:<br><br>05/22/2020 11:59 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/07/2020

*CLERK OF COURT*                                              OR      /s/ signature

_____                        _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Elton Alexander _____, who issues or requests this subpoena, are:
275 Scientific Drive, Suite 2000, Peachtree Corners, GA 30092; mbeller@cmlawfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-01985-JPB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:   by Certified Mail
c/o Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross GA 30092
_____   on *(date)*   05/07/2020   ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 05/07/2020

*Server's signature* (signed)

Marisa Beller Associate Attorney
*Printed name and title*
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
275 Scientific Drive, Suite 2000
Peachtree Corners, GA 30092

*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-01985-JPB   Document 169-4   Filed 05/07/20   Page 4 of 9

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

ATTORNEYS AT LAW
**ATLANTA OFFICE**
MERIDIAN II, SUITE 2000
275 SCIENTIFIC DRIVE
NORCROSS, GA 30092

TELEPHONE (404) 881-2622
FACSIMILE (404) 881-2630
www.cmlawfirm.com

PRACTICING IN:
CALIFORNIA
FLORIDA
GEORGIA
INDIANA
NEW JERSEY
NEW YORK
PENNSYLVANIA

WRITER'S DIRECT ACCESS
(678) 684-2147
mbeller@cmlawfirm.com

## Satisfactory Assurance Letter Accompanying Subpoena to Produce Documents

**VIA Certified Mail**
**No. 9171 9690 0935 0232 0230 10**

Clover Network Inc. a subsidiary of First Data Corporation
c/o Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross, GA 30092

    **Re**:   *Arick Whitson; Georgia Championship Barbeque Company, Inc d/b/a BBQ Masters v. City of Stockbridge, Georgia; and Elton Alexander*
United States District Court for the Northern District of Georgia
Civil Action File No. 1:17-cv-01985-JPB

Dear Records Custodian:

    This firm represents **Defendant Elton Alexander** in the above-referenced litigation. The enclosed subpoena has been served on you in accordance with Rules 34(c) and 45, Federal Rules of Civil Procedure. The purpose of this subpoena is for you to provide a <u>certified</u> copy of the items requested in Schedule A to me at the above address along with your statement for the reproduction of these records. Please return the original certificate to me along with the requested records.

    This written notice contains sufficient information about the above-referenced litigation to allow the Plaintiffs to bring an objection and provides a time period during which an objection should be raised.

Federal law provides that a subpoena for documents may be served upon the person who possesses the documents, with copies of the request going to all parties of record in the lawsuit. If you make no legal objection to this request and receive no objection from any party to the suit within fourteen (14) days after this subpoena has been served, then the law requires you to produce the documents to us promptly as directed. In the event you cannot locate records concerning the Plaintiffs, we would appreciate written notification for our file.

Thank you for your assistance with this request. If you have any questions, please contact me.

Very truly yours,

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*Marisa M. Beller*

Marisa M. Beller

cc: Counsel of record *(w/enclosures)*

# CERTIFICATE OF AUTHENTICATION OF RECORDS

THE UNDERSIGNED certifies that he or she is a person responsible for keeping the records for Clover Network Inc. a subsidiary of First Data and that the attached records are true and accurate copies of the entire file relating to _____ which were kept in the aforesaid facility, and that said records were made in the regular course of business of said facility and that it was the regular course of such business to make such records at the time of the transactions, occurrences, or events recorded therein, or within a reasonable time thereafter. Such records were made and kept in the regular course of business.

THE UNDERSIGNED further certifies that said records with this certificate were delivered to Marisa Beller, attorney for defendant, who is the counsel who sought production of these records. It is further certified that no objection to this production has been served upon the undersigned by or on behalf of any other party involved in said lawsuit.

_____
Custodian of Records

Sworn to and subscribed before me this _____
day of _____, 2020.

_____
Notary Public
My Commission Expires:_____

# SCHEDULE A

# DOCUMENTS TO BE PRODUCED

The following request is related to documents for all accounts bearing the signatory authority of Arick L. Whitson or Eric L. Smith, SSN: ▮▮▮▮▮▮ or in the names of Georgia Championship Barbecue, Inc., Barbecue Masters, or BBQ Masters, EIN Nos. ▮▮▮▮▮▮▮▮▮▮ or EIN ending in ▮▮▮:

1. All sales summaries from January 1, 2015 to the Present.
2. All payment method reports from January 1, 2015 to the Present.
3. All sales trend reports from January 1, 2015 to the Present.
4. All item sales reports from January 1, 2015 to the Present.
5. All category sales reports from January 1, 2015 to the Present.
6. All labor vs. sales reports from January 1, 2015 to the Present.
7. All discount reports from January 1, 2015 to the Present.
8. All modifier sales reports from January 1, 2015 to the Present.
9. All comp reports from January 1, 2015 to the Present.
10. All void reports from January 1, 2015 to the Present.
11. All tax reports from January 1, 2015 to the Present.
12. All gift card reports from January 1, 2015 to the Present.
13. A list of individual transactions from January 1, 2015 to the Present.

14. A list of individual transfers and payments showing the entire transfer history from January 1, 2015 to the Present.

15. Records of any disputes including the resolution for any dispute made from January 1, 2015 to the Present.

16. Cash drawer history from January 1, 2015 to the Present.

17. Copies of activity logs from January 1, 2015 to the Present.